**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SADIA AFRIN,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No: 5:20-cv-3-Oc-30PRL**

**BELK INC.,**

    **Defendant.**

## ORDER

This matter arises from Defendant Belk Inc.'s allegedly unfounded detainment of Plaintiff after she was suspected of committing retail theft, and her subsequent criminal trial brought by the State of Florida. Plaintiff filed this action against Belk asserting claims for false arrest or imprisonment, negligence, negligent infliction of emotional distress, defamation, and malicious prosecution. (Doc. 21).

On March 9, 2020—the same day Florida Governor DeSantis declared a state of emergency due to COVID-19—Plaintiff served discovery requests on Belk. According to Belk, it was forced to shut down stores due to COVID-19 and many employees, including some in the risk management department, were furloughed. This caused delays in defense counsel's ability to contact his client and receive documents from his client. Nevertheless, Belk timely served responses on April 9, 2020 and its privilege log on May 7, 2020. Dissatisfied with the responses and timeliness of the privilege log, Plaintiff filed the instant motions to strike Belk's privilege log and compel better discovery responses. (Docs. 29 & 30). On June 1, 2020, Belk served amended discovery responses.

- 2 -

**I.     DISCUSSION**

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The Court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

A party asserting privilege must "describe the nature of the documents" not disclosed "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Plaintiff seeks to strike Belk's privilege log because it was served four weeks after the discovery responses. However, there is no set time period for asserting the claim of privilege or for providing a description of the documents withheld. *Travelers Indemnity Co. of Conn. V. Richard McKenzie & Sons, Inc., et al.*, No. 8:17-cv-2106-T-23CPT, 2018 WL 3391267, *2 (M.D. Fla. March 14, 2018).

While the failure to "timely" provide a privilege log may result in a waiver of the privilege, timeliness in this context is not precisely defined. *Id.* at *3. Courts have made a case-by-case determination, considering various factors, including "particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard." *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. Of Montana,* 408 F.3d 1142, 1149 (9th Cir. 2005)). Here, given recent events, the Court cannot say that Belk's four-week delay in providing the privilege log was untimely. Especially since Plaintiff has failed to articulate any compelling

prejudice she suffered as a result of the delayed production, and the discovery deadline is months away. Accordingly, the privilege log will stand.

Next, Plaintiff generally argues that the Court should compel production of the documents for which Belk has claimed a privilege. According to Belk, it only asserted privilege as to two items: defense counsel's emails with its client (which Plaintiff agrees is privileged and is not seeking to compel) and Belk's incident/loss report, which is presumably at issue. Belk represents that the incident report was prepared on March 30, 2018—after Plaintiff's counsel had been retained and contacted Defendant about pursuing a civil claim (and almost two years after the alleged retail theft incident in June 2016). Belk argues that because the incident report was created to aid in possible future litigation, it should be protected based on the work-product privilege. Pursuant to Rule 26(b)(3), "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Given Belk's representations regarding the creation of the incident report, the Court agrees that it should be protected based on the work-product privilege.

Turning to the motion to compel better discovery responses (Doc. 30), Belk contends that most of the disputes have been resolved by its amended discovery responses, leaving only three requests still at issue. First, in Request for Production No. 7, Plaintiff requests Belk's "policies and procedures manual in effect on the date of the subject incident pertaining to issues such as loss prevention." While a request for the entire manual is overbroad, Plaintiff's request for policies and procedures specifically related to loss prevention is relevant and reasonable in scope. The Court directs Belk, within ten (10) days of this Order, to produce to Plaintiff such portions of the manual pursuant to an agreed upon confidentiality agreement.

In Request for Production No. 12, Plaintiff requests loss prevention officer Brett Lyons' personnel file, including his disciplinary history and all loss prevention reports. Belk argues that the request is overbroad and seeks irrelevant information. Courts have consistently found that personnel files contain sensitive, confidential information and should only be required to be produced under appropriate circumstances. *See Sanchez v. Cardon Healthcare Network, LLC*, No. 3:12-cv-902-J-34JBT, 2013 WL 2352142, *2 (M.D. Fla. May 29, 2013); *Moss v. Geico Indemnity Co.,* Case No. 5:10–cv–104–Oc–10TBS, 2012 WL 682450, at *5-6 (M.D. Fla. Mar.2, 2012); *see also Regan–Touhy v. Walgreen Co.,* 526 F.3d 641, 648 (10th Cir.2008) ("[P]ersonnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy nilly."). While information regarding Mr. Lyons' loss prevention reports and disciplinary history are arguably relevant, the file presumably includes other information such as Mr. Lyons' compensation and benefits, the relevancy of which is not apparent to the Court. Accordingly, within ten (10) days of this Order, Belk shall produce to Plaintiff the portions of Brett Lyons' personnel file related to his disciplinary history and loss prevention reports. ! ! ! ! ! !

Finally, in Request for Production No. 13, Plaintiff seeks any and all documents or other written materials which support or refute any fact or circumstance related to Belk's defenses or claims in the action. The Court agrees that this request is overbroad and unduly burdensome. Courts have found that requests like these, "which sweep entire pleadings or claims, require the responding party to provide, in essence, a running narrative or description of the entire case or claim." *Crom, LLC v. Preload*, LLC, No., 2017 WL 2408126, *3 (N.D. Fla. June 2, 2017). Accordingly, Plaintiff's motion to compel as to this request is denied.

## II.     CONCLUSION

For the reasons discussed above, Plaintiff's motion to strike Defendant's privilege log (Doc. 29) is DENIED; and Plaintiff's motion to compel better discovery responses (Doc. 30) is DENIED in part and GRANTED in part.

**DONE** and **ORDERED** in Ocala, Florida on June 11, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties